## INEFFECTIVE EFFORT TO REPEAL FRANCHISE.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL DAVID E. EVANS, V. JOHN H. ORGILL ET AL.

Decided, October 21, 1910.

*Franchise Ordinance—Does Not Require Publication—Acceptance—Repeal.*

1. An ordinance of a municipality granting a franchise does not require publication.
2. When a public service corporation has duly accepted a franchise granted it by a municipality, the franchise can not be withdrawn by repealing the ordinance granting it.

*James E. Mathews,* for plaintiff in error.

*J. H. Price, Kline, Tolles & Morley* and *Newton D. Baker,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The Legislature in Sections 4224 and 4227 of the General Code having clearly discriminated between an ordinance of a general nature and one granting a franchise, and having required only the former to be published, it follows that the ordinances of the city of Cleveland passed December 6, 1909, granting franchises to the Cleveland Underground Rapid Transit Railroad Company required no publication. Those ordinances having been duly accepted by said company, the subsequent attempted repeal thereof by the council January 17, 1910, was ineffective to abrogate the contract then already completed. Our conclusion is in accord with that in *State, ex rel,* v. *The Oakwood Street Railroad Company,* 11 C.C.(N.S.), 263, affirmed without report in 81 Ohio State Reports, 502.

The ordinances granting the franchises in question having been seasonably accepted and the attempted repeal being ineffectual, it further follows that the proposed referendum election, a petition for which has been duly filed and certified to the board of elections, should not be enjoined. Upon the result of

that election the validity of the so-called subway franchise will turn.

The demurrer interposed by the plaintiff to the answer in this case is overruled, and the plaintiff not desiring to plead further, the petition is dismissed.